# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VINCENT E. WOLLERT,

    Petitioner,

    v.                                          Case No. 05-C-997

PAM WALLACE, Warden,

    Respondent.

## DECISION AND ORDER

On September 16, 2005, the petitioner, Vincent E. Wollert, who is currently incarcerated at the Stanley Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is serving a term of seventeen years' imprisonment and ten years' extended supervision for robbery by use or threat of a dangerous weapon, in violation of Wis. Stat. § 943.32(2). In his petition, the petitioner challenges his sentence which was imposed on May 20, 2002.

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed September 30, 2005, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief" and ordered the respondent, Warden Pam Wallace of the Stanley Correctional Institution, to answer the petition for writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition for a writ of habeas corpus. Therefore, the petition is ready for disposition and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## **APPLICABLE LAW**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential

- 2 -

Case 2:05-cv-00997-PJG   Filed 05/21/08   Page 2 of 11   Document 16

constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

- 3 -

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## RELEVANT FACTUAL BACKGROUND

On January 11, 2002, the petitioner entered a plea of guilty to the charge of robbery by use or threat of a dangerous weapon in violation of Wis. Stat. § 943.32(2). (Answer to Petition for Writ of Habeas Corpus [Answer], Exh. A). On May 20, 2002, the petitioner was sentenced to seventeen years' imprisonment and ten years' extended supervision. Id. Following his conviction and sentence, the petitioner moved the trial court to reconsider his sentence under Wis. Stat. § 974.02. The trial court denied the motion. (Answer, Exh. B at App. 102).

The petitioner appealed his conviction and sentence to the Wisconsin Court of Appeals, arguing that he was entitled to resentencing under Truth-in-Sentencing II (TIS-II) and that the failure to afford him the benefit of TIS-II violated his right to equal protection, due process and fundamental fairness. (Answer, Exh. B). The Wisconsin Court of Appeals affirmed the petitioner's conviction and sentence. (Answer, Exh. E). The petitioner petitioned the Wisconsin Supreme Court, arguing that the sentencing scheme of TIS-II should be applied retroactively to him and that the failure to apply TIS-II retroactively denied the petitioner his right of equal protection under the law. (Answer, Exh. F). The court denied the petitioner's petition. (Answer, Exh. K).

## ANALYSIS

The petitioner asserts that the state court's refusal to resentence him under TIS-II violates his rights to equal protection, due process and fundamental fairness. The petitioner also maintains that the rule of lenity applies to his case.

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law" or denying "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The equal protection clause requires similar treatment of similarly situated persons; it "does not require things which are different in fact or opinion to be treated in law as though they were the same." Varner v. Monohan, 460 F.3d 861, 865 (7th Cir. 2006) (quoting Plyer v. Doe, 457 U.S. 202, 216 [1982]). When a person has been convicted of a crime beyond a reasonable doubt, "the court may impose whatever punishment is authorized by statute for his offense, so long as the penalty is not cruel and unusual and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." Chapman v. United States, 500 U.S. 453, 465 (1991) (internal citations omitted). In such cases, a claim based on due process essentially duplicates a claim based on equal protection. Id. Thus, the court will address the petitioner's claim as one of equal protection.

The petitioner's conviction was subject to Wisconsin's determinate sentencing system, known as Truth-in-Sentencing (TIS). TIS was passed in two phases. State v. Stenklyft, 281 Wis. 2d 484, 697 N.W.2d 769 (Wis. 2005).

> "The first phase, TIS-I, was enacted in June 1998 and applied to offenses committed on or after December 31, 1999. See 1997 Wis. Act 283. The second phase, TIS-II was enacted in July 2002 and became effective February 1, 2003. See 2001 Wis. Act 109." State v. Gallion, 2004 WI 42, ¶ 7, n.3, 270 Wis. 2d 535,

- 5 -

> 678 N.W.2d 197. See also State v. Cole, 2003 WI 59, ¶ 4, 262 Wis. 2d 167, 633 N.W.2d 700. The main feature of TIS-I was § 973.01(1) (1999-2000), under which "a circuit court was required to impose a bifurcated sentence consisting of a term of confinement in prison followed by a term of extended supervision whenever it sentence[d] a person to 'imprisonment in the Wisconsin state prisons.'" Cole, 262 Wis. 2d 167, ¶ 16, 663 N.W. 2d 700.

Id. at 776.

TIS-II made several modification to TIS-I. In particular, the Wisconsin legislature adopted a nine-category system of classifying felonies, replacing the previous six-category classification. Id. at 777 (citing Wis. Stat. § 939.50). As part of this reclassification, the legislature adjusted the length of the initial term of confinement for crimes, based on a committee's recommendation that the maximum initial term of confinement for each crime under TIS be similar to the maximum the person could serve in prison before reaching mandatory release under the prior indeterminate sentencing law. Id. "As a result of this change and the delay between TIS-I and TIS-II, 'defendants convicted of felonies between December 31, 1999, and February 1, 2003, generally serve longer periods of confinement than the maximum provided for in TIS-II.'" Id. (quotation omitted).

Under TIS-I, armed robbery was a Class B felony, subject to sixty years imprisonment. TIS-II reclassified armed robbery to a Class C felony, subject to a maximum penalty of forty years imprisonment and a $100,000 fine. See Wis Stat. § 939.50(3)(b) and (c); § 943.32(2) (2001-2002). TIS-II makes clear that the amendment of Wis. Stat. § 943.32(2) applies prospectively "to offenses committed on the effective date of this subsection." 2001 Wis. Act 109, § 9359(3). The effective date of that subsection is "the first day of the 7th month beginning after publication." See id. at § 9459(1). The publication date for 2001 Wis. Act 109 was July 29, 2002, making the effective date February 1, 2003.

Moreover, Wis. Stat. § 990.04, makes clear that the repeal of a statute does not remit, defeat or impair any criminal liabilities incurred under the statute before its repeal unless specially and expressly remitted, abrogated or done away with by the repealing statute. Nothing in 2001 Wis. Act 109 specially or expressly alters the application of the prior penal statute. Therefore, at the time the petitioner committed the crime of armed robbery, March 6, 2001, TIS-I and not TIS-II was in effect.

Nevertheless, the petitioner seeks resentencing on the basis of the change in the penalty for armed robbery, asserting that he would be denied equal protection of the law if he was not resentenced. Specifically, the petitioner asserts that Truth-in-Sentencing created "two classes of criminals, of which race, creed, gender or national origin are absent as a qualifier, which raises (sic) to a deprivation of equal protection and fundamental fairness . . .." See Petitioner's Brief at 9. Although the petitioner admits that Truth-in-Sentencing does not classify based on race, creed or gender, he maintains that, two classes of prisoners – those that are sentenced under TIS-II and those that are sentenced under TIS-I – are treated differently in violation of the Equal Protection Clause.

First, to be entitled to habeas relief, the petitioner must demonstrate that the Wisconsin courts acted contrary to, or unreasonably applied, clearly established United States Supreme Court precedent in resolving his equal protection claim. Washington, 219 F.3d at 628. Although the petitioner cites numerous cases in his brief, none of the cases address the issue presented in this case. In particular, the petitioner fails to identify any United States Supreme Court decision that clearly establishes that the equal protection clause requires retroactive application of a statutory law that reduces the maximum penalty for a defendant's crime.

- 7 -

Moreover, on a petition for a writ of habeas corpus, the petitioner cannot ask the court for an innovative Constitutional interpretation. Baird v. Davis, 388 F.3d 1110, 1115 (7th Cir. 2004).

Even if the court were to consider the petitioner's claim, he would not be entitled to federal habeas relief. Unless a distinction involves a "suspect class" of persons or burdens a "fundamental" constitutional right, the state can legitimately create distinctions so long as they are drawn "in such a manner as to bear some rational relationship to a legitimate state end." Clements v. Fashing, 457 U.S. 957, 963 (1982). As acknowledged by the petitioner, Truth-in-Sentencing does not classify based upon a suspect criterion. Nevertheless, the petitioner asserts that strict scrutiny applied to Truth-in-Sentencing's disparate treatment because it involves the fundamental constitutional rights to liberty and to be free from excessive and arbitrary punishment.

Contrary to the petitioner's assertion, Truth-in-Sentencing does not burden the petitioner's right to "liberty". The Supreme Court has held that "[e]very person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees." Chapman, 500 U.S. at 465. However, once a person is so convicted, a "court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual,. . . and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." Id.

Furthermore, although the petitioner has a right to be free from excessive punishment, that right is not implicated in this case. The petitioner was sentenced to a twenty-seven year term of incarceration, consisting of seventeen years of initial confinement and ten years of

- 8 -

extended supervision. (Answer, Exh. A). This is a permissible sentence for armed robbery under both TIS-I and TIS-II. Because the petitioner received a sentence less than the maximums under both TIS-I and TIS-II, the right to be free from excessive punishment is not implicated in this case. See Henry v. Page, 223 F.3d 477, 482 (7th Cir. 2000) (Eighth Amendment prohibition against excessive punishment not implicated in non-capital felony cases when sentence falls within legislatively prescribed limits.).

Thus, the correct review of the distinct classes of criminals created by Truth-in Sentencing is a rational basis review. See Zehner v. Trigg, 133 F.3d 459, 463 (7th Cir. 1993) (explaining that a statute is subject to strict scrutiny if it classifies based upon a suspect criterion, such as race, or if it burdens a fundamental right, such as free speech). Under a rational basis review, a rational relation to a legitimate government interest is all that the Constitution requires of a state law. Heller v. Doe, 509 U.S. 312, 320 (1993). A rational basis review in an equal protection analysis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). "Improvement in sentencing is a rational governmental purpose." See Foster v. Washington State Board of Prison Terms and Parole, 878 F.2d 1233, 1235 (9th Cir. 1989) (citing Mistretta v. United States, 488 U.S. 361 [1989]).

Moreover, as noted by the respondent, the petitioner's assertion is contrary to the decisions of the courts that have considered this or similar issues. See Respondent's Brief in Opposition at 11 (citing McQueary v. Blodgett, 942 F.2d 829, 834 [9th Cir. 1991]; Foster v. Washington State Bd. of Prison Terms & Parole, 878 F.2d 1233, 1235 [9th Cir. 1989]; Frazier v. Manson, 703 F.2d 30, 36 [2nd Cir. 1983]; Jackson v. State of Alabama, 530 F.2d 1231, 1238

- 9 -

[5th Cir. 1976]; Comerford v. Commonwealth of Massachusetts, 233 F.2d 294, 295 [1st Cir. 1956]).

Thus, in this case, the application prospectively of a legislative reduction in the penalty for an offense has a rational basis and the petitioner was appropriately sentenced within that rational statutory scheme. Accordingly, the state court's decision denying the petitioner resentencing was not an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, the petitioner is not entitled to habeas corpus relief on his equal protection claim.

Alternatively, the petitioner contends that the "rule of lenity" applies to his case and that its application would entitle him to resentencing. The rule of lenity is only applicable if there is a "grievous ambiguity or uncertainty in the language and structure" of the statutes. Chapman, 500 U.S. at 463 (quoting Huddleston v. United States, 415 U.S. 814, 831 [1974]). In this case, the petitioner acknowledges that TIS-II is not ambiguous. The petitioner was sentenced pursuant to TIS-I which provided that the maximum penalty for armed robbery was sixty years' imprisonment. Subsequently, TIS-II reduced the maximum penalty for armed robbery to forty years' imprisonment. There is nothing ambiguous or uncertain in the sentencing scheme of TIS-I or TIS-II and therefore, the rule of lenity does not entitle the petitioner to resentencing.

In sum, the decision of the Wisconsin courts was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the rule of lenity is inapplicable. Therefore, in light of the foregoing, the petitioner's petition for a writ of habeas corpus will be denied.

- 10 -

Case 2:05-cv-00997-PJG   Filed 05/21/08   Page 10 of 11   Document 16

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this   21   day of May, 2008.

BY THE COURT:

/s/ Patricia J. Gorence

PATRICIA J. GORENCE
United States Magistrate Judge